THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> *ex rel.* CHRISTOPHER N. ) <br> McCUTCHEON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> QBR, LLC; VALLEY CENTER FOR ) <br> NERVE STUDIES AND ) <br> REHABILITATION, INC.; DERBY ) <br> MEDICAL BILLING SERVICES, INC.; ) <br> ERIC R. BECK; JOHN ) <br> HORNBUCKLE; ORTHOPLUS, LLC; ) <br> AND BRIAN BOWMAN, ) <br> ) <br> Defendants. ) | CIVIL ACTION NUMBER <br> 5:17-CV-0462-MHH |

## MEMORANDUM OPINION

This order resolves several motions that defendant John Hornbuckle has filed in this action. Mr. Hornbuckle has asked for permission to proceed in this case *in forma pauperis*. (Doc. 60). Pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1), Christopher McCutcheon filed this action on behalf of himself and the United States. Mr. McCutcheon alleges that Mr. Hornbuckle and several other defendants violated the FCA, 31 U.S.C. § 3729 *et seq*. (Doc. 1).[1] As

---

[1] The other defendants are Eric R Beck, Brian Bowman, Derby Medical Billing Services Inc, Orthoplus LLC, and QBR LLC. (Doc. 1, pp. 8-10).

the Court explained to Mr. Hornbuckle during an October 10, 2023, telephone conference in this matter, as a civil defendant, he does not have to pay a filing fee in this case.[2]  Therefore, the Court denies as moot Mr. Hornbuckle's request to proceed in forma pauperis.  (Doc. 60).[3]

Mr. Hornbuckle also has asked the Court to stay this civil action pending resolution of his motion under 28 U.S.C § 2255 for relief from the criminal judgment against him.  (Docs. 71 and 71-1; NDAL Case No. 5:24-cv-8006-LSC, Doc. 1).  The conduct for which Mr. McCutcheon seeks relief in this FCA case is the conduct at issue in the criminal action against Mr. Hornbuckle.  (Doc. 58-1, p. 3) ("Defendant John Hornbuckle was prosecuted criminally for the same conduct that underlies this False Claims Act case.").  Mr. McCutcheon opposes the motion to stay.  (Doc. 72).

Generally, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997).  In deciding whether to stay a proceeding, a district court must weigh various considerations such as "the danger of denying justice by delay," the fairness on balance to the litigants, and the "efficient use of judicial resources."  *Marti v.*

---

[2] A transcript of the October 10, 2023 telephone conference is available upon request.

[3] Following the October 10, 2023 telephone conference in this matter, the Court mailed to Mr. Hornbuckle at FCI Talladega an appointment of counsel form and provided to Mr. Hornbuckle the website link to the form to request appointment of counsel.  (Doc. 67, pp. 1-2).

*Iberostar Hoteles y Apartamentos S.L.*, 54 F.4th 641, 651 (11th Cir. 2022) (quotations omitted).  Generally, district courts do not have to stay civil proceedings pending the outcome of criminal proceedings.  *United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994).  A district court "must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'"  *Lot 5*, 23 F.3d at 364 (quoting *United States v. Kordel,* 397 U.S. 1, 12 & n. 27 (1970)).

Here, the criminal proceedings against Mr. Hornbuckle are complete.  The district judge who presided over Mr. Hornbuckle's criminal case has entered a judgment against Mr. Hornbuckle that includes a term of imprisonment, a fine of $250,000, and the following restitution obligations:  Centers for Medicare & Medicaid Services in the amount of $4,354,133.66; Blue Cross and Blue Shield of Alabama in the amount of $3,847,085.35; Medicaid in the amount of $820,576.67; and Tricare in the amount of $170,209.52. (NDAL Case No. 5:22-cr-78-LSC-NAD, Doc. 47, pp. 2, 6-8).[4]  Thus, there no longer is a criminal prosecution pending against Mr. Hornbuckle that might warrant a stay.

---

[4] Mr. Hornbuckle's restitution obligation is joint and several with the restitution obligations the sentencing judge imposed on Brian Bowman in NDAL Case No. 5:20-cr-291-LSC-SGC-003 and on Dr. Eric Beck in NDAL Case No. 5:22-cr-103-LSC-NAD. (NDAL Case No. 5:22-cr-78-LSC-NAD, Doc. 47, p. 8).

Once a criminal prosecution against a defendant is resolved, the rationale for staying a parallel civil case evaporates. As the Eleventh Circuit explained in *United States v. Killough*, "[w]hen an issue is resolved in favor of the United States in a criminal prosecution, that issue may not be contested by the same defendant in a subsequent civil suit brought by the government." *Killough*, 848 F.2d 1523, 1528 (11th Cir. 1988). "This rule applies in all civil cases brought by the United States where a defendant previously has been found guilty, either by a jury verdict or by a guilty plea." *Killough*, 848 F.2d at 1528. Indeed, the Eleventh Circuit has recognized the rule's application in False Claims Act cases. *Killough*, 848 F.2d at 1528 (citing *Sell v. United States*, 336 F.2d 467 (10th Cir. 1964), and stating that in a False Claims Act case, a "prior criminal conviction estops defendant contesting same issue in subsequent civil proceeding").

Following conviction and sentencing, a defendant may challenge his conviction either by appealing from the criminal judgment or by filing a motion pursuant to 28 U.S.C § 2255. Section 2255 provides to a convicted federal criminal defendant a means to ask the district court that entered judgment against the defendant "to vacate, set aside or correct the sentence" where "the sentence was imposed in violation of the Constitution or laws of the United States, or [] the court was without jurisdiction to impose such sentence, or [] the sentence was in excess of the maximum authorized by law." § 2255(a). Mr. Hornbuckle filed a § 2255 motion

in his criminal case on March 6, 2024, nearly seven years after Mr. McCutcheon filed this civil action, almost three years after Mr. Hornbuckle was served with the complaint in this action, and nearly one year after the sentencing judge entered the original judgment against Mr. Hornbuckle in NDAL Case No. 5:22-cr-78-LSC-NAD.  (Doc. 37; *see also* NDAL Case No. 5:22-cr-78-LSC-NAD, Docs. 42, 45). The Court received Mr. Hornbuckle's motion to stay in this case nearly three months after the Court received his § 2255 motion.  If Mr. Hornbuckle had been concerned about the possibility that proceedings in this case might have negatively impacted the proceedings in the criminal case against him, the Court would have expected Mr. Hornbuckle to ask the Court to stay these proceedings before the sentencing judge in his criminal case entered judgment against him.[5]  The timing of all of these proceedings suggests that Mr. Hornbuckle's recent motion to stay is more about avoiding a potential civil judgment in this case than about any potential impact that this civil case might have on the resolution of Mr. Hornbuckle's § 2255 motion.

In his § 2255 motion, Mr. Hornbuckle raises many arguments regarding ineffective assistance of counsel, and he raises as ground ten the argument that he "has a credible claim of innocence for a jury to consider."  (NDAL Case No. 5:22-cr-78-LSC-NAD, Doc. 45, p. 22).  In his § 2255 motion, Mr. Hornbuckle states that

---

[5] Mr. Hornbuckle's co-defendant in this case, Mr. Bowman, did just that.  (*See* Doc. 39).  The Court granted Mr. Bowman's motion and stayed the proceedings against him in this action until the criminal action against him concluded.  (Docs. 41, 70, 73).

he believes that he "is legally and factually innocent" of the criminal charges against him. (NDAL Case No. 5:22-cr-78-LSC-NAD, Doc. 45, p. 23). His arguments concerning his innocence focus on the absence of criminal intent. (NDAL Case No. 5:22-cr-78-LSC-NAD, Doc. 45, pp. 24-31). If Mr. Hornbuckle successfully persuades the sentencing judge that he should be allowed to go to trial to have a jury determine his guilt or innocence, then Mr. Hornbuckle may ask the judge who presides over that trial to exclude from evidence a judgment against him in this case. There may be legitimate reasons for a motion to exclude such as the different burdens of proof in civil and criminal cases.

At this stage of this case, the equities way against staying this litigation to await the resolution of Mr. Hornbuckle's § 2255 motion. As noted, this case has been pending since 2017. Since 2017, Mr. McCutcheon and the United States have resolved the claims against the other defendants in this matter, primarily by settlement. (Doc. 43 (resolution as to defendant OrthoPlus); Doc. 47 (resolution as to defendants Beck, Valley Nerve, and Derby Billing); Docs. 74, 77 (resolution as to defendant Bowman); Aug. 31, 2023 damages hearing at which Court announced default judgment against QBR LLC)). There is a significant danger of denying justice by delay, given the age of this case and the fact that Mr. McCutcheon has resolved all facets of this complex case other than the FCA claims against Mr. Hornbuckle. Potential challenges that Mr. Hornbuckle may face if the judge in his

criminal case reopens that matter after the Court resolves this FCA action can be resolved later. Progress towards resolution of this case best serves the public interest in efficient use of judicial resources under the circumstances. Therefore, the Court denies Mr. Hornbuckle's motion to stay. (Doc. 71).

Finally, Mr. Hornbuckle has asked the Court to set aside the default judgment against him. (Doc. 62). This motion is premature because the Court has not entered a final default judgment against Mr. Hornbuckle. During the August 31, 2023 hearing in this matter, the Court indicated that it was in a position to enter a default judgment against Mr. Hornbuckle and QBR and announced the amount of damages that it intended to award against the two defendants. Days after that hearing, while the Court was waiting for Mr. McCutcheon to submit materials concerning his request for an award of fees and expenses, Mr. Hornbuckle appeared in this case and began filing motions and other documents. (Docs. 60-62).

Given Mr. Hornbuckle's appearance, albeit a very late appearance, the Court will not enter a default judgment against him. Because his motion for relief from a default judgment is premature, the Court denies the motion. Still, because Mr. Hornbuckle may not contest in this *qui tam* action the facts established in the criminal action against him, *Killough*, 848 F.2d at 1528, there is no reason to delay resolution of the FCA claim against Mr. Hornbuckle. The False Claims Act provides a civil cause of action against a person who presents false or fraudulent claims for

payment to the federal government. *See United States v. AseraCare, Inc.,* 938 F.3d 1278, 1284 (11th Cir. 2019) (citing 31 U.S.C. § 3729(a)(1)(A)–(B)).  Given the criminal judgment against Mr. Hornbuckle, the facts relating to Mr. McCutcheon's FCA claim appear to be largely if not entirely undisputed.

Therefore, within 30 days, Mr. Hornbuckle shall file an answer in this case. If Mr. Hornbuckle does not file an answer within 30 days, then the Court will enter a default judgment against him.  If Mr. Hornbuckle files an answer, then the Court will, by separate order, direct Mr. Hornbuckle to show cause why the Court should not enter judgment in favor of the relator in this FCA action.

The Clerk shall please TERM Docs. 60, 62, and 71 and mail a copy of this memorandum opinion to Mr. Hornbuckle.

**DONE** and **ORDERED** this October 1, 2024.

*/s/ Madeline H. Haikala*
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE