# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES ex rel.** : | |
| **CHRISTOPHER N. MCCUTCHEON**, : | |
| *Relator-Plaintiff*, : | |
| v.  : | CIVIL ACTION NO. |
| : | 5:17-CV-0462-MHH |
| **QBR, LLC; JOHN HORNBUCKLE, AND BRIAN BOWMAN** : | |
| *Defendants*. : | |

## RELATOR'S OPPOSITION TO HORNBUCKLE'S MOTION TO DISMISS FOR WANT OF PROSECUTION

1. Relator McCutcheon moves this Court deny the motion to dismiss this case for want of prosecution filed by Defendant John Hornbuckle.

2. McCutcheon filed a qui tam complaint under seal alleging violations of the False Claims Act on March 24, 2017. (Doc. 1). The case remained under seal for more than two years. On December 2, 2020, this Court unsealed the complaint. (Doc. 30).

3. Hornbuckle did not participate in this case, so the clerk of court entered default against him, and this Court held a hearing to determine the amount of damages. (Docs. 54, 59.) This Court ruled at the conclusion of the hearing that the

1

amount of damages was $99.8 million against Hornbuckle and Defendant QBR (jointly and severally).

4. Hornbuckle then sought relief from the default judgment (Doc. 62) and responded to the show cause order and motion for entry of default. (Doc. 61). Hornbuckle also moved to stay this case while his Section 2255 habeas petition was pending. (Doc. 71.) This Court denied those motions. (Docs. 80-82)

5. On October 1, 2024, this Court issued an order that stated, in part, that "Hornbuckle may not contest in this qui tam action the facts established in the criminal action against him," so there was "no reason to delay resolution of the FCA claim against" him. (Doc. 84 at 7) (citing *Unted States v. Killough*, 848 F.2d 1523, 1528 (11th Cir. 1988)).

6. This Court ordered Hornbuckle to file an answer within 30 days. (Doc. 84 at 8) If he did not answer, this Court stated it would enter a default judgment against him. *Id*. Alternatively, if Hornbuckle did answer, this Court stated it would direct Hornbuckle to show why this Court should not enter judgment in favor of Relator McCutcheon. *Id*.

7. Eleven days later, Hornbuckle moved for a 60-day continuance during his transition from FCI Talladega to FPC Pensacola. (Doc. 86). That motion was granted by this Court, which directed Hornbuckle to respond no later than January 7, 2025. (Doc. 88)

8. On November 8, 2024, Hornbuckle filed an answer in response to this Court's order, Doc. 84, but not to the complaint. (Doc. 89) He has yet to answer the complaint.

9. In Doc. 89, Hornbuckle offered no meritorious arguments against entering a judgment against him. Hornbuckle raised, *inter alia*, a legal argument that the qui tam provisions of the False Claims Act were unconstitutional. That argument has been rejected in this District. *United States ex rel. Wallace v. Exactech, Inc.*, 703 F. Supp. 3d 1356, 1364 (N.D. Ala. 2023) (Coogler, J.).

10. Hornbuckle also made statements concerning the facts underlying his guilty plea in the companion criminal case, which conclusively established the facts necessary to find him liable for violating the False Claims Act. (Doc. 58-1 at 10-18). In his criminal case, Hornbuckle pleaded guilty to two counts of his indictment: count one, which alleged Hornbuckle violated Federal law when he conspired to pay and receive kickbacks under 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(1); and count two, which alleged Hornbuckle violated Federal law when he participated in a healthcare fraud conspiracy in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1347. (Id).

11. In his plea agreement, Hornbuckle agreed that he "offered and paid providers" money for referral of "medically unnecessary electro-diagnostic testing" and he "offered and paid kickbacks to sales representatives" for their work "to induce

providers to refer medically unnecessary electro-diagnostic testing to QBR." (Doc. 50-1 at 5).

12. As stated in *Killough*, "[w]hen an issue is resolved in favor of the United States in a criminal prosecution, that issue may not be contested by the same defendant in a subsequent civil suit brought by the government. This rule applies in all civil cases brought by the United States where a defendant previously has been found guilty, either by a jury verdict or by a guilty plea." 848 F.2d at 1528.

13. To be clear, there was absolutely no failure to prosecute this case on behalf of Relator. Hornbuckle has never responded to the complaint. His "answer" to the court order did not offer any reason to delay judgment, and this Court may issue a ruling consistent with Doc. 84.

14. The motion to dismiss should be denied.

**Dated: June 4, 2025**          Respectfully submitted,

*s/ Adam P. Plant*
Robert E. Battle
Adam P. Plant
**BATTLE & WINN LLP**
2901 Second Avenue South, Suite 220
Birmingham, AL 35233

***Attorneys for Relator Christopher N. McCutcheon***

4

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system on June 4, 2025, which will notify all counsel of record registered under the CM/ECF system to receive such notices.

And I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Special Mail — Open only in the presence of the inmate
JOHN HORNBUCKLE
Register Number: 96094-509
FPC PENSACOLA
Federal Prison Camp
P.O. Box 3949
Pensacola, FL  32516

*s/ Adam P. Plant*
OF COUNSEL